UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:24-cv-01770-DAD-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| MICHELLE, *et al.*, | |
| Defendants. | ECF Nos. 1 & 2 |

Plaintiff Ronald James is a pretrial detainee proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. The complaint alleges that after plaintiff was seen by nurse defendant Michelle and had an EKG performed, he did not receive further treatment or medication, despite Michelle seeking authorization from the on-call defendant doctor to send plaintiff to the hospital. The claims, as articulated, are not sufficient to proceed past screening. I will grant plaintiff the opportunity to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Discussion**

The complaint alleges that on August 21, 2023, plaintiff experienced shortness of breath, nausea, chest pain, and vomiting. ECF No. 1 at 4. After plaintiff pushed the emergency medical call button in his cell, custody staff sent him to be medically examined. *Id.* Defendant nurse Michelle preformed an electrocardiogram ("EKG") on plaintiff. *Id.* The complaint claims that

the results were abnormal, which led Michelle to contact the on-call doctor for authority to send plaintiff to the hospital. *Id.* While plaintiff waited, Michelle directed that plaintiff be put in the holding tank, but she did not check his vitals or perform a second EKG. *Id.* The complaint alleges that the on-call doctor never responded to Michelle's calls and that plaintiff was eventually sent back to his housing unit without any treatment or medication. *Id.* at 5.

"[V]iolations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements of a pretrial detainee's medical care claim under the Due Process clause of the Fourteenth Amendment are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1145.

The allegations do not state a claim. At most, the allegations establish a difference of opinion between plaintiff and the medical experts regarding the type of treatment that he should have received. And as a matter of law, the difference of opinion does not rise to the level of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, the complaint's allegations that defendants' inaction caused plaintiff pain are conclusory. If plaintiff wishes to proceed with his claims against defendants, he must provide facts that plausibly allege that defendants "made an intentional decision with respect to the conditions under which" he was confined, which placed him "at substantial risk of suffering serious harm," and caused his injuries by failing to "take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved." *Gordon*, 888 F.3d at 1125.

      Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

      Accordingly, it is ORDERED that:

      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

      2. Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

      3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4