UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHELLE, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:24-cv-01770-DAD-JDP (PC)<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE FIRST AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING A FINAL OPPORTUNITY TO AMEND<br><br>ECF No. 8 |

　　　　Plaintiff, an inmate in the Sacramento County Jail, brings this action against defendant Michelle, a nurse at the jail, and an unknown physician. ECF No. 8 at 1. He alleges that these defendants violated his Fourteenth Amendment right as a pretrial detainee to adequate medical care. Plaintiff fails to state a cognizable claim, however, because he does not allege that he suffered any specific injury because of defendants' allegedly inadequate care.

**Screening Order**

**I.　　Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1    which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2    relief. *Id.*

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20       **II.**    **Analysis**

21         Plaintiff alleges that defendant Michelle, a nurse, and an unnamed physician provided
22   inadequate care for nausea and chest pains in August 2023. ECF No. 8 at 4. Plaintiff claims that
23   Michelle examined him after he presented with these symptoms and, despite having abnormal
24   heart readings, he was neither given any specific medication nor transported to a nearby hospital
25   emergency room. *Id.* at 4-6. To state a claim for a Fourteenth Amendment denial of adequate
26   medical care, a claimant must allege that:

27           the defendant made an intentional decision with respect to the
            conditions under which the plaintiff was confined; (ii) those
28           conditions put the plaintiff at substantial risk of suffering serious

> harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Here, plaintiff does not allege any specific injury caused by defendants' failure to provide him with heart medication or to send him to the emergency room. He does not, for instance, allege that his symptoms worsened or that future treatment outcomes were less successful because he was not treated quickly. At most, the reader might infer that he suffered under the alleged symptoms for some longer, undefined period of time because of defendants' decisions. There is, however, no allegation directly supporting such an inference, nor any indication that defendants' decision not to follow the two suggested courses of action resulted in an inferior health outcome.

Additionally, plaintiff's own allegations appear to suggest that defendant Michelle acted reasonably. He alleges that, on the day he presented to her, she attempted to contact the unnamed, defendant physician to secure approval to transport him to the hospital. ECF No. 8 at 6. Despite numerous attempts, the physician never responded to her requests. *Id.* There is no allegation as to why the physician defendant failed to respond. As such, it is impossible to tell how blameworthy he is. A pretrial detainee's medical care claim can succeed only by showing that the defendant's conduct was "objectively unreasonable" under the circumstances. *Gordon*, 888 F.3d at 1125. Plaintiff's allegations, taken as true, do not make that showing here.

I will grant plaintiff a final opportunity to amend before recommending dismissal of this action. Therein and if he can, he must address the deficiencies explained above. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be

1  dismissed.

2      2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

4  IT IS SO ORDERED.

6  Dated:   October 3, 2024

                          JEREMY D. PETERSON
                          UNITED STATES MAGISTRATE JUDGE