1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    RONALD EUGENE JAMES,                    Case No.  2:24-cv-1770-DAD-JDP (P)
12               Plaintiff,
13         v.                                 ORDER; FINDINGS AND
                                              RECOMMENDATIONS
14    MICHELLE, *et al.*,
15               Defendants.
16
17
18         Plaintiff, a former inmate in the Sacramento County Jail, brings this action against
19    defendant Michelle, a nurse at the jail, and an unknown physician.  ECF No. 14 at 2.  He alleges
20    that these defendants violated his Fourteenth Amendment right as a pretrial detainee to adequate
21    medical care.  I find that, liberally construed, plaintiff states a viable claim against defendant
22    Michelle, but not against the unnamed physician.
23                                    **Screening Order**
24         **I.       Screening and Pleading Requirements**
25         A federal court must screen the complaint of any claimant seeking permission to proceed
26    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and
27    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
28

                                            1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2   relief. *Id.*

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

6   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

8   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

9   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20       **II.    Analysis**

21        Plaintiff alleges that defendant Michelle, a nurse, and an unnamed physician provided

22   inadequate care for nausea and chest pains in August 2023. ECF No. 14 at 4. Plaintiff claims

23   that Michelle examined him after he presented with these symptoms and, despite having

24   abnormal heart readings, he was not given oxygen or medication. *Id.* Instead, Michelle

25   determined that he should be sent to an emergency room. *Id.* Admission to the emergency room

26   required notification and, presumably, approval from an on-call physician, however. *Id.*

27   Michelle allegedly called this physician but received no response. *Id.* Rather than take any

28   further action to help him, plaintiff alleges that she effectively abandoned him, and that his

symptoms remained untreated until he was rushed to the hospital in October 2023. *Id.* at 4-5. These allegations are, for screening purposes, sufficient to state a Fourteenth Amendment denial of medical care claim.

By contrast, plaintiff's claim against the unnamed on-call physician is inadequate to proceed. The only concrete allegation against this defendant is that he or she "failed to respond" to the call made on plaintiff's behalf. *Id.* This is insufficient because the complaint is bereft of any concrete allegation that this failure was purposeful or knowing; there is no allegation as to what this defendant did or understood.

This is plaintiff's third complaint, and he is no closer to stating a claim against the unidentified physician. Accordingly, I will order that service be attempted on defendant Michelle and recommend that the unidentified physician be dismissed.

Accordingly, it is ORDERED that:

1.    Plaintiff may proceed with the Fourteenth Amendment claim against Michelle deemed cognizable in this order.

2.    The Clerk of Court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed March 7, 2025, ECF No. 14.

3.    Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a.    one completed summons for the defendant;

    b.    one completed USM-285 form; and

    c.    two copies of the signed March 7, 2025 complaint.

4.    Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

5.    The failure to comply with this order may result in dismissal of this action for

1    failure to prosecute.

2            Further, it is hereby RECOMMENDED that plaintiff's claims against the unnamed

3    physician defendant be DISMISSED for failure to state a claim.

4            These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9    objections shall be served and filed within fourteen days after service of the objections.  The

10    parties are advised that failure to file objections within the specified time may waive the right to

11    appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

12    *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13

14    IT IS SO ORDERED.

15

16    Dated:    April 17, 2025

17            JEREMY D. PETERSON
            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

4

1

2

3

4

5            UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    RONALD EUGENE JAMES,                   Case No.  2:24-cv-1770-DAD-JDP (P)

9              Plaintiff,

10        v.                                NOTICE OF SUBMISSION OF
                                            DOCUMENTS
11   MICHELLE, *et al.*,

12

13            Defendants.

14   _____

15

16        In accordance with the court's Screening Order, plaintiff must submit:

         ____1____        completed summons form
17
         ____1____        completed forms USM-285
18
         ____2____        copies of the March 7, 2025 complaint
19

20

21

22   _____

23                                              Plaintiff

     Dated:
24

25

26

27

28
                              5