UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHELLE, et al.,<br><br>        Defendants. | No.  2:24-cv-01770-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S CLAIM AGAINST THE UNNAMED DEFENDANT DOCTOR<br><br>(Doc. No. 7) |

Plaintiff Ronald Eugene James is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 18, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's claim asserted against an unnamed defendant doctor be dismissed for failing to state a cognizable claim for relief.  (Doc. No. 20 at 2–3.)  Specifically, the magistrate judge found that plaintiff only concretely alleged that the unnamed defendant doctor "failed to respond" to a call made on plaintiff's behalf.  (*Id.* at 3.)  The magistrate judge therefore concluded that plaintiff's second amended complaint failed to allege that the unnamed defendant doctor's actions were purposeful or knowing as required and failed to allege what specific acts the defendant doctor committed.  (*Id.*)

/////

1

The findings and recommendations were served upon plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On May 6, 2025, plaintiff filed his objections to the pending findings and recommendations.

Plaintiff's objections primarily reiterate the allegations of his second amended complaint, specifically that defendant nurse Michelle left a voicemail with an unknown defendant doctor and that the doctor failed to respond. (Doc. No. 21 at 1–2.) As observed by the magistrate, this allegation alone does not sufficiently allege that the defendant doctor acted with deliberate indifference to plaintiff's serious medical needs because, even if proven, it does not demonstrate that the defendant doctor purposefully denied treatment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (finding that to state a deliberate indifference claim for inadequate medical care the plaintiff must allege that the defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined"). Accordingly, plaintiff's objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.   The findings and recommendations issued on April 18, 2025 (Doc. No. 20) are ADOPTED in full;

2.   Plaintiff's claims against the unnamed defendant doctor in his operative second amended complaint are DISMISSED; and

3.   This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2